# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 11-5076

September Term 2011

1:08-cv-01715-RMC

**Filed On:** May 30, 2012

Brian Hall, et al.,

      Appellants

    v.

Kathleen Sebelius, Secretary of the United
States Department of Health and Human
Services, and Michael J. Astrue,
Commissioner of the Social Security
Administration,

      Appellees

**BEFORE:**    Henderson* and Kavanaugh,** Circuit Judges; Ginsburg,** Senior
Circuit Judge

## O R D E R

    Upon consideration of appellants' petition for panel rehearing filed on March 22, 2012, and the response thereto, it is

    **ORDERED** that the petition be denied.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Jennifer M. Clark
Deputy Clerk

* A statement by Circuit Judge Henderson, specially concurring, is attached.

** A statement by Circuit Judge Kavanaugh, with whom Senior Circuit Judge Ginsburg joins, concurring in the denial of rehearing, is attached.

# United States Court of Appeals

_____

**No. 11-5076**                                     **September Term 2011**

HENDERSON, *Circuit Judge*, specially concurring:

My colleague concurring in the denial of panel rehearing is apparently surprised that the "[p]laintiffs' petition for rehearing appears to reflect some misunderstanding about our holding in this case." Concurrence at 3 (Kavanaugh, J.). I, in contrast, am in no way surprised by the substance of the plaintiffs' petition, especially its assertion that the majority's holding "is over an issue that was not even before the Court." Pl.'s Pet. 1. Any disconnect between the panel majority opinion and the plaintiffs' petition is the consequence of the opinion's own avoidance of the sole issue in this case: Whether the Social Security Administration is authorized to penalize an individual who declines Medicare, Part A coverage by requiring him to forfeit his Social Security retirement benefits and repay any benefits previously received. The plaintiffs pushed the issue in their opening brief, *see, e.g.*, Appellant's Br. 22 ("The POMS require, subject to severe penalty for non-compliance, what Congress made to be purely voluntary."), and again in their reply brief, *see, e.g.*, Appellant's Reply Br. 4 ("The only issue is whether 'entitlement' under § 426(a) means that a person so entitled must accept Medicare, Part A, benefits as a condition of receiving Social Security retirement benefits."). Like a parent who yells "get in the game" to his child picking daisies in the outfield, the plaintiffs ask the court to "get in the game" and finally address the issue it ignored. *See* Pl.'s Pet. at 4-5 ("[T]he actual question placed before this Court is whether the Social Security Administration can lawfully promulgate a quasi–regulatory provision that penalizes individuals who seek to decline coverage under Medicare, Part A, by requiring them to forfeit their Social Security retirement benefits."). While I consider the plaintiffs' rehearing petition to be an exercise in futility and therefore do not dissent from the denial thereof, I feel compelled to point out my concurring colleague's insistence on miscalling the game.

No. 11-5076                                            September Term 2011

KAVANAUGH, *Circuit Judge*, with whom *Senior Circuit Judge* GINSBURG joins, concurring in the denial of panel rehearing:

Plaintiffs' petition for rehearing appears to reflect some misunderstanding about our holding in this case.

To be crystal clear, no one is forced to accept Medicare Part A benefits for hospitalization costs. Someone who is 65 or older and has signed up for Social Security is automatically entitled to Medicare Part A benefits. But that person is not forced to accept those Medicare benefits.

What really seems to be going on in this case is that plaintiffs' private insurers are curtailing coverage because plaintiffs have another source of coverage – namely, Medicare Part A. Plaintiffs are not happy that their private insurers are in effect penalizing them based on their entitlement to Medicare Part A benefits. Plaintiffs therefore want to "disenroll" from Medicare Part A. They claim a statutory right to "disenroll" and argue that the Department of Health and Human Services and the Social Security Administration have improperly denied them that right.

No matter how plaintiffs label it, however, their grievance about the private insurance consequences of their entitlement to Medicare Part A benefits would be answered only if (i) the private insurers did not penalize plaintiffs based on their entitlement to Medicare Part A benefits or (ii) plaintiffs could somehow disclaim their entitlement to Medicare Part A benefits in a manner that would satisfy the private insurers that plaintiffs are not entitled to another source of coverage.

We obviously cannot do anything here about the coverage practices of private insurers. And the statute simply provides no mechanism for a person who is 65 or older and has signed up for Social Security to disclaim his or her entitlement to Medicare Part A benefits (or to "disenroll," as plaintiffs put it). To reiterate, no one is forced to take Medicare Part A benefits. But the key problem for plaintiffs is that their private insurers apparently will not ignore the fact that plaintiffs are able to obtain Medicare Part A benefits.

One of the consequences of the expanded social safety net fashioned by the Federal Government is that private entities or charities sometimes adjust benefits based on whether a recipient is otherwise entitled to government-provided benefits. We recognize that plaintiffs are frustrated with this particular manifestation of that broader phenomenon. But absent a constitutional or statutory violation, it is not our role to police that allocation of government and private resources.